MCLESTER V STATE

NO. 07-99-0396-CR

NO. 07-99-0397-CR

NO. 07-99-0398-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 28, 2001

______________________________

DWON S. LEE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 252
ND
 DISTRICT COURT OF JEFFERSON COUNTY;

NOS. 65310, 67293, 67294; HONORABLE LEONARD GIBLIN, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Dwon S. Lee seeks to appeal from his adjudication of guilt on three offenses to which he pled guilty and adjudication was deferred pending completion of a term of community  supervision.  Counsel has filed a brief in each case stating he has failed to find any arguable points of error.  Agreeing with his conclusion, we affirm.

On September 2, 1993, appellant was indicted for the offense of indecency with a child.  Before that charge was resolved, two separate indictments charging appellant with the offense of credit card abuse were issued on June 23, 1994.  On November 7, 1994, appellant judicially confessed and pled guilty to all three offenses.  Pursuant to a plea agreement, adjudication was deferred and appellant was placed on community supervision for a period of six years and fined $1,000. 

Based on allegations appellant violated the terms of his community supervision, those terms were amended on four occasions.  In 1999, the State alleged several violations of appellant’s community supervision and sought to have guilt adjudicated on each offense.  Appellant waived a hearing and pled guilty to one of the alleged violations in each case.  The court found that allegation true and adjudicated appellant guilty in each case.  It imposed a sentence of five years confinement in the Institutional Division of the Texas Department of Criminal Justice in each case on August 24, 1999.  Appellant timely filed a general notice of appeal in each case the following day.  Appellate counsel was appointed.

In presenting appellant’s appeals, appointed counsel has filed briefs in which he has certified that, in compliance with 
Anders v. California
, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and 
Gainous v. State
, 436 S.W.2d 137 (Tex.Crim.App. 1969), he has diligently reviewed the records and determined that, in his opinion, they reflect no reversible error or grounds upon which an appeal can be predicated.  Thus, he concludes, each appeal is without merit and is frivolous.  In compliance with 
High v. State
, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978), counsel has analyzed the records, made references to the records, and candidly discussed why, under the controlling authorities, there is no error in the court's judgments.  

Counsel has certified that he has served a copy of the briefs on appellant and informed him that, in counsel's view, the appeals are without merit.  He has also attached a copy of a letter by which he notified appellant of his right to review the records and to file  pro se briefs if he wishes to do so.  
See
 
Johnson v. State
, 885 S.W.2d 641, 646 (Tex.App. --Waco 1994, writ ref’d).  Appellant has neither filed pro se briefs nor requested an extension of time within which to do so.

We have also made our own careful examination of the record in each case to determine if there are arguable grounds which might support the appeals.  
See Smith v. Robbins
, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000)
; Stafford v. State
, 813 S.W.2d 503, 511 (Tex.Crim.App. 1991).  We have found no such grounds and agree with counsel that the appeals are without merit and are, therefore, frivolous.  
Johnson
, 885 S.W.2d at 647.  Accordingly, the judgments of the trial court are affirmed.  We also grant counsel’s motions to withdraw.

John T. Boyd

 Chief Justice

Do not publish.